UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PRISCILLA SANTOS CORTEZ,

          Plaintiff,

vs.

MERSCORP HOLDINGS, INC.;
NATIONSTAR MORTGAGE, INC.; and
DOES 1-20 inclusive,

          Defendants.

Case No.: 2:14-cv-01048-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Remand (ECF No. 7) filed by Plaintiff Priscilla Santos Cortez ("Plaintiff"). Defendants Nationstar Mortgage, LLC ("Nationstar"), erroneously named Nationstar Mortgage, Inc., and MERSCORP Holdings, Inc. ("MERSCORP") filed a Response (ECF No. 11). For the reasons discussed below, Plaintiff's Motion to Remand is **DENIED**.

## I. BACKGROUND

This case arises from the attempted foreclosure proceedings against real property located at 1020 Zurich Ave., Henderson, Nevada 89015 ("Property"). (Compl. ¶ 2, ECF No. 1-2). Plaintiff alleges that she obtained the Property through deed of trust in 2006 (*Id.* ¶ 8), and Defendants "had no right to foreclose on the [Property] because the underlying security instruments in which Defendants relied on are invalid, void and unenforceable, and the Defendants themselves have violated Nevada procedure for non-judicial foreclosure." (*Id.* 6:8–14).

Plaintiff filed an action in state court, asserting the following claims: (1) Breach of Contract; (2) Breach of Contract (Assignment); (3) Violations of NRS 107.080(2); and (4)

Declaratory Relief. (*Id.* ¶¶ 20–58).  Shortly thereafter, Defendants removed the case to this Court (Notice of Removal, ECF No. 1), and Plaintiff subsequently filed the instant Motion to Remand (ECF No. 7).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted).  For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

## III.    DISCUSSION

In their Notice of Removal, Defendants assert that "this Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship … and the amount in controversy exceeds $75,000." (Notice of Removal ¶ 3, ECF No. 1).

The Complaint states that Plaintiff is a resident of California. (Compl. ¶ 4, ECF No. 1-2).

Additionally, Plaintiff does not dispute Defendants' assertion that Nationstar is organized under the laws of Delaware with its principal place of business in Texas and MERSCORP is organized under the laws of Delaware with its principal place of business in Virginia. (Notice of Removal ¶ 5–6). Therefore, the Court finds that there is diversity of citizenship under 28 U.S.C. § 1332(a).

Regarding the amount in controversy, Plaintiff seeks declaratory relief from the Court that "all security interests that have been claimed in the Subject Property are invalid and void." (Compl. 4:17–19, ECF No. 1-3). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In this case, the Deed of Trust attached to the Complaint, which Plaintiff seeks to invalidate, secures a Note in the amount of $405,150.00. (Ex. 1 to Compl. at 13, ECF 1-3). Accordingly, the amount in controversy exceeds the statutory requirement of $75,000.

Further, removal of this action to federal district court was procedurally correct under 28 U.S.C. § 1446(a). Defendants filed a signed Notice of Removal with a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon Defendants. (*See* Petition for Removal, ECF No. 1). The Petition for Removal was filed within thirty days of the service of the Summons and Complaint on the Defendants, and the Petition was served on the Plaintiff.

Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Therefore, Plaintiff's Motion to Remand (ECF No. 7) is **DENIED**.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**DATED** this 20th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court