# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| PRISCILLA SANTOS CORTEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:14-cv-01048-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| MERSCORP HOLDINGS, INC.; | ) | |
| NATIONSTAR MORTGAGE, LLC.; and | ) | |
| DOES 1-20 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Motion to Dismiss (ECF No. 13) filed by Defendant Nationstar Mortgage, LLC ("Nationstar").  Plaintiff has failed to file a Response to the Motion to Dismiss. For the reasons that follow, the Court GRANTS Defendant Nationstar's Motion to Dismiss and Plaintiff's Complaint is hereby dismissed as to Nationstar.

## I.      BACKGROUND

 This case arises from the attempted foreclosure proceedings against real property located at 1020 Zurich Ave., Henderson, Nevada 89015 ("Property"). (Compl. ¶ 2, ECF No. 1-2).  Plaintiff alleges that she obtained the Property through deed of trust in 2006 (*Id.* ¶ 8), and Defendants "had no right to foreclose on the [Property] because the underlying security instruments in which Defendants relied on are invalid, void and unenforceable, and the Defendants themselves have violated Nevada procedure for non-judicial foreclosure." (*Id.* 6:8–14).

Plaintiff filed an action in state court, asserting the following claims: (1) Breach of Contract; (2) Breach of Contract (Assignment); (3) Violations of NRS 107.080(2); and (4) Declaratory Relief. (*Id.* ¶¶ 20–58).  Shortly thereafter, Defendants removed the case to this Court. (Notice of Removal, ECF No. 1).

On January 16, 2015, Nationstar filed a Motion to Dismiss. (ECF No. 13).  Pursuant to Local Rule 7-2(b) of the Local Rules of Practice of the United States District Court for the District of Nevada, Plaintiff had fourteen days after service of the Motion to file a Response. Not only did Plaintiff fail to respond within fourteen days, Plaintiff has failed to file any Response at all.

## II.   DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendant's motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this case was likely to be decided on the merits.  Plaintiff has failed to take any action since the Motion to Dismiss was filed.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

**III.**    **CONCLUSION**

       **IT IS HEREBY ORDERED** Defendant Nationstar's Motion to Dismiss (ECF No. 13) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice** as to Nationstar.

       **DATED** this 13th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge