**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRISCILLA S. CORTEZ, | ) |
| Plaintiff, | ) Case No.: 2:14-cv-01048-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| MERSCORP HOLDINGS, INC., *et al.* | ) |
| Defendants. | ) |

Consolidated with Case No. 2:15-cv-1085

| | |
|---|---|
| PRISCILLA S. CORTEZ, | ) |
| Plaintiff, | ) |
| vs. | ) |
| NATIONSTAR MORTGAGE, LLC, *et al.* | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 27) filed by Defendant West Coast Mortgage Group, and the Motion to Dismiss (ECF No. 34) filed by Defendants Nationstar Mortgage, LLC, Aurora Bank, FSB, Mortgage Electronic Registration Systems, Inc., and MERSCORP Holdings, Inc. (collectively, "Defendants").

In both motions, Defendants move to dismiss, *inter alia*, under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process. (Mot. Dismiss 7:22–8:3, ECF No. 27; Mot. Dismiss 25:4–12, ECF No. 34). Federal courts do not have jurisdiction over a defendant unless it has been properly served. *See Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d

685, 688 (9th Cir. 1988). Because Plaintiff originally filed her Complaint in state court, the motions must be decided under Nevada law and thus the Court looks to the Nevada Rules of Civil Procedure. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds by Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008). Nevada Rule of Civil Procedure 4(d)(2) requires service of process be made upon a foreign corporation or non-resident entity's agent or representative in-state or, if no such agent or representative is available in-state, then upon the secretary of state or deputy secretary of state. Further, Nevada Rule of Civil Procedure 4(e)(2) permits personal service out-of-state.

When applying the Nevada Rules of Civil Procedure, the Court may look to the corresponding Federal Rules for guidance. *Am. Home Assurance Co. v. The Eighth Judicial Dist.*, 147 P.3d 1120, 1238 n.28 (Nev. 2006); *Lawler v. Ginochio*, 584 P.2d 667, 668 (Nev. 1978). In federal court, Federal Rule of Civil Procedure 4 governs the service of process. When a party brings a motion to dismiss for insufficiency of service of process under Rule 12(b)(5),[1] the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2008). Courts have broad discretion to dismiss the action or quash service. *Id.* However, the Court should be mindful that if the defendant likely can be served, quashing service avoids duplicative action on the part of the plaintiff. *Id.* Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373

---

[1] Under the Nevada Rules of Civil Procedure, motions to dismiss for insufficiency of process are authorized under Rule 12(b)(4).

(1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals.").

Here, Plaintiff has not personally served Defendants either through an agent or the secretary of state. Although Plaintiff has sent Defendants a copy of the summons and complaint via certified mail, such service is improper. Because Defendants have not been properly served, the Court does not have jurisdiction over Defendants. However, the Court will exercise its discretion to quash service under Rule 12(b)(5) rather than dismiss the case. *See e.g. Patel–Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev. Apr. 23, 2013) (citing *SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citation omitted)). Plaintiff will be given the opportunity to cure the error in service or request waiver of service pursuant to Fed. R. Civ. P. 4(d).

Having determined to quash service, the next question is whether to extend the time to accomplish service under Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court finds that an extension of time to effectuate service is appropriate. The Plaintiff shall have until November 30, 2015 to effectuate service on Defendants. The Plaintiff is further advised that failure to effectuate proper service on Defendants by this deadline will automatically result in the dismissal of Plaintiff's claims against Defendants with prejudice.

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 27) and the Motion to Dismiss (ECF No. 34) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Request for Judicial Notice (ECF No. 39) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 30, 2015** to effectuate service on Defendants.  Failure to effectuate proper service on Defendants by this deadline will automatically result in the dismissal of Plaintiff's claims against Defendants with prejudice.

**DATED** this \_\_\_28\_\_\_ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge